Christine P. Sun (SBN 218701)
Abre' Leann Conner (SBN 306024)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*aconner@aclunc.org*

Nusrat J. Choudhury
Joshua David Riegel
Mark Carter
Hugh Handeyside
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street—18th Floor
New York, New York 10004
T: (212) 549-2500
F: (212) 549-2654
*nchoudhury@aclu.org*
*jriegel@aclu.org*
*mcarter@aclu.org*
*hhandeyside@aclu.org*

*Attorneys for Plaintiffs*

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
REBECCA A. FALK (CABN 226798)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7022
FAX: (415) 436-6748
*Rebecca.Falk@usdoj.gov*

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO-OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR MEDIA JUSTICE *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION *et al.*,<br><br>    *Defendants*. | Case No. 4:19-cv-01465 (DMR)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties jointly submit this Case Management Statement and Proposed Order under Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement.

1. <u>Jurisdiction & Service</u>

Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552(a)(4)(A)(vii), (4)(B) and (6)(E)(iii). This Court has subject matter jurisdiction under 28 U.S.C. § 1331. All parties have been served, and there are no issues concerning personal jurisdiction.

2. <u>Facts</u>

On or around October 31, 2018, the Center for Media Justice, the American Civil Liberties Union Foundation, and American Civil Liberties Union (collectively "Plaintiffs") submitted a FOIA request (the "2018 Request") to the Federal Bureau of Investigation ("FBI"). The Request seeks the release of three categories of records related to the creation and use of a "Black Identity Extremists" threat label and the surveillance and monitoring of Black people and Black-led organizations under this label and other terms historically used for such purposes. The Request detailed significant public debate and concern over the "Black Identity Extremists" label and resulting surveillance and law enforcement targeting of Black activists. Plaintiffs requested expedited processing of the Request and a public interest fee waiver or, in the alternative, a waiver or limitation of fees due to Plaintiffs' status as news media requesters.

Defendant FBI treated the 2018 Request as additional correspondence since Plaintffs had submitted a similar request in October 2017. In response to the 2017 request, Defendant FBI issued a partial response and disclosed 320 pages on February 15, 2019, and 156 pages on March 15, 2019. Defendant FBI redacted information from the released documents and identified documents withheld in their entirety, claiming exemptions from the FOIA's disclosure requirements.

Defendant FBI disclosed no additional information in response to the 2018 Request. Defendant FBI denied Plaintiffs' request for expedited processing of the 2018 Request and did not issue a decision on Plaintiffs' request for a public interest fee waiver and limitation of fees since the

pages processed in response to the 2017 Request did not meet the threshold requiring payment of a fee.

On March 21, 2019, Plaintiffs filed this lawsuit bringing claims under the FOIA. ECF No. 1. Since filing the lawsuit, Defendant FBI has initiated new searches regarding the 2018 Request since that request involves a different time period than the 2017 request.

Defendants filed their Answer on May 23, 2019. ECF No. 24

On June 4, 2019, Plaintiffs filed an Amended Complaint to reflect claims and allegations concerning Defendants' disclosure made following the initial filing of this action. ECF No. 32.

3. Legal Issues

At this juncture, it is Plaintiffs' position that this lawsuit raises several legal issues under the FOIA:

- Whether Defendants have conducted an adequate search for records responsive to the Request. *See* 5 U.S.C. § 552(a)(3)(C)–(D), and the corresponding agency regulations, 28 C.F.R. § 16.36(b);

- Whether Defendants have failed to release records responsive to the Request. *See* 5 U.S.C. § 552(a), and the corresponding agency regulations, 28 C.F.R. § 16.1;

- Whether Defendants have promptly made available the records sought by the Request. *See* 5 U.S.C. § 552(a)(6)(A), and the corresponding agency regulations, 28 C.F.R. § 16.6(b);

- Whether Defendants are improperly withholding information. *See* 5 U.S.C. § 552(a)(4)(B);

- Whether Defendants have processed the Request expeditiously and as soon as practicable. *See* 5 U.S.C. § 552(a)(6)(E), and corresponding agency regulations, 28 C.F.R. § 16.5(e); and

- Whether Defendants have failed to waive search fees. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II), and the corresponding agency regulations, 28 C.F.R. § 16.10(k).

Defendants note that the FBI will attempt in good faith to resolve Plaintiffs' claims informally. To the extent that the Court is called upon to resolve issues in this matter, it is Defendants' position that the following legal issues may be raised: (1) whether Defendant has

responded adequately to Plaintiffs' FOIA request; and (2) whether Defendants properly withheld certain information based on claimed FOIA exemptions, *see* 5 U.S.C. § 552(b)(1)-(9).

   4. Motions

There are no prior or pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, it can ultimately be resolved on summary judgment.

   5. Amendment of Pleadings

No party anticipates further amending its pleadings. The Federal Defendants will respond to Plaintiffs' Amended Complaint on or before June 18, 2019. Fed. R. Civ. P. 15(a)(3).

   6. Evidence Preservation

The parties acknowledge their duty to preserve relevant materials in accordance with rules and case law applicable to FOIA actions.

   7. Disclosures

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

   8. Discovery

To date, no discovery has been taken by any party. Plaintiffs do not currently anticipate propounding discovery, but Plaintiffs note that discovery may be appropriate in certain circumstances and reserve the right to seek discovery, particularly with respect to Plaintiffs' claim that Defendants have failed to conduct an adequate search for information responsive to the Request. *See, e.g.*, *The Few, the Proud, the Forgotten v. U.S. Dep't Veterans Affairs*, 254 F. Supp. 3d 341, 365 (D. Conn. 2017) (granting limited discovery on the issue of the adequacy of defendant's searches for responsive information); *Landmark Legal Foundation v. E.P.A.*, 959 F. Supp. 2d 175, 177 (D.D.C. 2013) (same); *see also Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate").

Defendants note that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

9. Class Actions

This is not a class action.

10. Related Cases

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. Relief

Plaintiffs seek the relief set forth in their Request for Relief. *See* Am. Compl., ECF No. 32 at 15. Defendants deny that Plaintiffs are entitled to any relief and seek dismissal and costs.

12. Settlement and ADR

This case has been assigned to the Alternative Dispute Resolution ("ADR") Multi-Option Program. ECF No. 8. The parties have conferred about ADR processes in conformance with ADR L.R. 3-5. The parties respectfully submit that this case is not well-suited to ADR resolution, and that ADR is not likely to increase the probability of resolving this matter. The parties therefore request that the Court exempt this case from ADR.

13. Consent to Magistrate Judge for All Purposes

The parties have consented to assignment of this case to a magistrate judge for all purposes.

14. Other References

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties have conferred, and intend to continue conferring, in an effort to reach agreement regarding the scope of the Request, Defendants' processing and production of responsive documents, and Defendants' asserted explanations for withholding responsive information.

16. Expedited Trial Procedures

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

17. Scheduling

The parties have conferred regarding Defendants' processing of the Request and production of responsive records. To date, Plaintiffs await Defendants' identification of the number of documents that will be reviewed to determine responsiveness to the Request and a proposed schedule for processing and release of responsive information. Plaintiffs request that Defendants produce a schedule for a page count; an interim response deadline; followed by monthly rolling responses. Plaintiffs ask that Defendants provide this schedule by July 1, 2019.

Plaintiffs reserve the right to request that the Court set a deadline for completion of Defendants' processing and production of responsive records.

Defendant FBI is continuing to search and to gather the information responsive to Plaintiffs multi-subject request. In searching for responsive records, the FBI has located a voluminous amount of both main files and reference files due to the broad nature of Plaintiffs' subject matter. Defendant FBI will continue its search efforts and will also begin the process of scoping the material in order to determine how much material is responsive to the specific points of the request. Due to the broad nature of Plaintiffs' request, Defendant FBI will have to manually review the pages in order to identify responsive information and a total page count. As the searching and scoping of the material goes on, Defendant FBI will establish a production schedule for monthly rolling releases thereafter.

18. Trial

The parties anticipate that this entire case will be resolved on summary judgment, if the parties do not reach a negotiated resolution.

19. Disclosure of Non-party Interested Entities or Persons

Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. As set forth in Plaintiffs' Civil Local Rule 3-15 statement filed on June 21, 2017, ECF No. 3, counsel for Plaintiffs certify that other than the named

parties, there is no such interest to report.

20. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

Dated: June 12, 2019

Christine P. Sun (SBN 218701)
Abre' Leann Conner (SBN 306024)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111
T: (415) 621-2493
F: (415) 255-8437
*csun@aclunc.org*
*aconner@aclunc.org*

Respectfully Submitted,

 */s/ Nusrat J. Choudhury*
Nusrat J. Choudhury
Joshua David Riegel
Mark J. Carter
Hugh Handeyside
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street—18th Floor
New York, New York 10004
T: (212) 549-2500
F: (212) 549-2654
*nchoudhury@aclu.org*
*jriegel@aclu.org*
*mcarter@aclu.org*
*hhandeyside@aclu.org*

DATED: June 12, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____
REBECCA A. FALK
Assistant United States Attorney