1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  EMMET P. ONG (NYBN 4581369)
   Assistant United States Attorney
4

5      1301 Clay Street, Suite 340S
       Oakland, California 94612-5217
6      Telephone: (510) 637-3929
       Facsimile: (510) 637-3724
7      E-mail: emmet.ong@usdoj.gov

8
   Attorneys for Defendants
9  FEDERAL BUREAU OF INVESTIGATION and
   U.S. DEPARTMENT OF JUSTICE
10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14

15  CENTER FOR MEDIA JUSTICE; AMERICAN      )  Civil Action No. 4:19-cv-01465-DMR
    CIVIL LIBERTIES UNION; and AMERICAN     )
16  CIVIL LIBERTIES UNION FOUNDATION,       )
                                            )
17          Plaintiffs,                     )
                                            )  **DEFENDANTS' MOTION FOR LEAVE TO**
18       v.                                 )  **FILE A MOTION FOR RECONSIDERATION**
                                            )
19  FEDERAL BUREAU OF INVESTIGATION and     )
    U.S. DEPARTMENT OF JUSTICE,             )
20                                          )
            Defendants.                     )
21  _____ )

22

23

24

25

26

27

28

I.   **INTRODUCTION**

Pursuant to Civil L.R. 7-9, Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice request leave to file a motion for reconsideration of the Court's order ("Order") dated April 15, 2020, Dkt. No. 72.  In the Order, the Court required the FBI to begin processing records responsive to Plaintiffs' Freedom of Information Act ("FOIA") requests at the rate of 2,000 pages per month upon lifting of the parties' processing stay.  As the Court is aware, the stay was required because the personnel in the FBI's Record/Information Dissemination Section ("RIDS") were sent home as a result of the COVID-19 pandemic and no processing of FOIA requests could take place until RIDS reopened.

Since the Order, the stay has expired and RIDS has reopened, but in a far more limited capacity than anticipated.  In response to the evolving nature of the pandemic, the FBI determined that reopening RIDS fully would unduly jeopardize the health of its employees and their families.  As a result of newly instituted safety measures, RIDS will be functioning at approximately 25% (likely less) of its prior output for the foreseeable future.  This extraordinary reduction in RIDS's processing capabilities has made it all but impossible for the FBI to comply with the Court's Order while meeting its obligations in the numerous other FOIA litigations with processing schedules.  In light of the emergence of these new material facts, Defendants seek leave to file a motion for reconsideration of the Court's processing rate order.

II.   **BACKGROUND**

On November 20, 2019, the Court ordered each side to propose a processing schedule if the parties could not reach agreement on one.  Dkt. No. 58.  The parties were unable to reach agreement and, on December 13, 2019, filed separate proposals regarding an appropriate processing rate.  Dkt. Nos. 59, 60.  On March 30, 2020, while the issue was still under submission, the parties filed a stipulation in which they agreed to a 30-day stay (i.e., through April 29, 2020) of all processing and releases in this matter.  Dkt. No. 69.  A stay was required because the FBI, in an effort to address the spread of COVID-19, designated the RIDS staff as non-mission critical and sent them home on March 17, 2020.  *Id.*  The RIDS staff is primarily responsible for processing and producing the non-exempt portions of the records

requested by Plaintiffs. *Id.* However, RIDS employees cannot telework and process records responsive to Plaintiffs' FOIA requests because the systems that they work on are located on the FBI's SECRET-level classified enclave. *Id.*

At the time, the FBI anticipated that the RIDS staff would return on a limited basis no earlier than April 13, 2020. *Id.* On April 2, 2020, the Court so ordered the stay. Dkt. No. 70. Pursuant to the stipulation and order, the FBI provided Plaintiffs with an update on April 10, 2020. Att. 1., Declaration of Emmet P. Ong ("Ong Declaration"), ¶ 3. Plaintiffs were notified that RIDS would not be reopening on April 13, 2020 and that April 27, 2020 would be the earliest its employees could return to work. *Id.* The FBI agreed to provide Plaintiffs with another update prior to the end of the stay on April 29, 2020. *Id.*

On April 15, 2020, the Court held a case management conference during which it ordered "Defendants to process the 12,700 pages of currently identified responsive records at a rate of 2000 pages per month upon lifting of the stay."[1] Dkt. No. 72. On April 27, 2020, Defendants notified Plaintiffs that RIDS would be resuming operations on April 29, 2020, but at one-third or less of its former capacity on any given day. Ong Decl. ¶ 4. Plaintiffs were also provided with an FBI declaration dated April 24, 2020 stating that the FBI had determined that this rotation system was required to maximize the social distancing needed to prevent the spread of COVID-19. *Id.*, Ex. B, Declaration of David M. Hardy Declaration dated April 24, 2020 ("April 24 Hardy Declaration"), ¶ 18. At the time, approximately 15% of RIDS employees self-identified as being at higher risk of getting sick from COVID-19 under standards issued by the Centers for Disease Control and Prevention. April 24 Hardy Decl. ¶ 19. By the time of reopening, the number of higher risk employees was revised upward to approximately 26% of all RIDS employees. May 7 Hardy Decl. ¶ 18. These employees are on administrative leave for the foreseeable future. *Id.*

RIDS staff did return to work on April 29, 2020 on a rotational basis, but the next day all employees were dismissed at noon due to a potential exposure of COVID-19. *Id.* at ¶ 17. The RIDS

---

[1] In December 2019, the FBI's estimated that there were 12,700 pages potentially responsive to . Plaintiffs' FOIA requests. Att. 2, Declaration of David M. Hardy dated May 6, 2020 ("May 7 Hardy Declaration"), ¶ 22. At present, approximately 1,100 responsive pages remain to be processed. *Id.*

facilities were closed for disinfection and did not reopen until May 4, 2020, which meant that RIDS lost one-and-a-half days of processing time for this month.  *Id.* ¶¶ 17, 21.  The FBI also determined that further staffing reductions may be likely as a result of employees being unable to return to work due to school and daycare closures.  *Id.* at ¶ 18.  The FBI also expects that subject matter experts within the agency and FOIA personnel in other agencies will be similarly impacted by the pandemic and may not be as readily available to assist in searching for and reviewing records responsive to Plaintiffs' requests. *Id.* at ¶¶ 19, 24-25.

At present, the FBI has approximately 86 separate FOIA litigations with processing demands. *Id.* at ¶ 21.  In light of the massive reduction in processing capacity, the FBI cannot meet the processing requirements set in place for these cases before the onset of the COVID-19 pandemic.  *Id.*

## III.    ARGUMENT

Under Civil L.R.7-9(a), a party must make a motion requesting that the assigned Judge grant leave to file a motion for reconsideration of an interlocutory order of that Judge.  To establish that leave is warranted, the "moving party must specifically show reasonable diligence in bringing the motion" and, relevant here, "[t]he emergence of new material facts . . . after the time" of the entry of the interlocutory order for which reconsideration is sought.  Civil L.R. 7-9(b)(2).  "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).  Here, the Court should grant leave for Defendants to file a motion for reconsideration of the Court's processing order because it has met the requirements of Civil L.R. 7-9 and reconsideration of the Order is urgently needed.

First, the FBI has demonstrated reasonable diligence in bringing this motion.  The motion is being brought only three-and-a-half weeks since the Court's Order on April 15, 2020 and could not have been brought reasonably sooner.  There is no playbook for handling a public health emergency on the scale caused by the COVID-19 pandemic.  Therefore, the FBI was required to act deliberately and thoughtfully in determining when and how to safely reopen RIDS.  That decision was made approximately two weeks ago on April 24, 2020, when the FBI determined that it was only safe to allow

RIDS employees to return to work if it was on a rotation system.  Last week, on April 29, 2020, the stay

in this matter expired and RIDS reopened.  However, in further demonstration of the dynamic nature of

this situation, RIDS was forced to temporarily suspend its operations almost immediately to respond to a

possible exposure.  In light of these exigent and unprecedented circumstances, Defendants were

reasonably diligent in seeking leave for reconsideration of the Order.

Second, there have been significant, new developments in this matter since the Order; namely,

the FBI has experienced an extraordinary reduction in its processing capabilities since April 15, 2020.

To protect the health and welfare of its employees and their families, the FBI has now determined that

only one-third of the RIDS staff may safely return to work on any given day.  This rotation system is

required to prevent the spread of COVID-19 by maximizing social distancing.  Furthermore, the FBI has

since determined that approximately 26% of RIDS staff falls into a higher risk group and cannot safely

return to work at all.  In other words, the FBI is effectively functioning at 25% of its former capacity for

the foreseeable future.

Moreover, the FBI expects the 25% figure to be the ceiling.  It is now expected that other RIDS

employees may be unable to return to work due to the closing of schools and daycare facilities.

Personnel disruptions related to COVID-19 within other sections of the FBI and the FOIA departments

of other agencies would adversely impact the FBI's ability to receive vital assistance in locating and

processing responsive records.  A potential exposure incident has already forced the temporary closure

of the RIDS facility.  In light of the highly-infectious nature of COVID-19, which is well-documented,

future closures are foreseeable.  The FBI has determined that the massive reduction in the processing

capacity of RIDS and the potential for further reductions has left it unable to meet the requirements of

the 86 FOIA litigations with processing schedules.

Given the emergence of these new material facts since the Order, and the FBI's diligence in

bringing this motion, the FBI has established grounds for the filing of a motion for reconsideration of the

Order.

## IV.     CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that the Court should grant

1   Defendants leave to file a motion for reconsideration of the Court's processing rate order dated April 15,

2   2020.

3

4   DATED:  May 7, 2020                    Respectfully submitted,

5                                          DAVID L. ANDERSON
                                           United States Attorney
6
7                                          /s/ *Emmet P. Ong*
                                           EMMET P. ONG
8                                          Assistant United States Attorney

9                                          *Attorneys for Defendants Federal Bureau of*
                                           *Investigation and U.S. Department of Justice*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28